Mr. Raymond Tart, Chairman Garland County Election Commission 839 Third Street Hot Springs National Park, Arkansas 71913
Dear Mr. Tart:
This is in response to your request for an opinion concerning the conducting of an election to change the form of city government in Hot Springs, Arkansas. You note that currently, a special election is to be held on November 6, 1990, (the same date as the general election), to determine the issue of a change in the form of city government. Your question is whether you are required to conduct a separate election on November 6, 1990 on the issue of the change of the form of municipal government, or whether that issue can be legally placed upon the ballot with the candidates names for the various elective offices required to be voted on at the general election.
It is my opinion that your question has been answered by opinion and order of the Garland County Circuit Court. See Glidewell v. Baran, Mayor, (Garland Circuit No. Civ. 90-468, July 27, 1990, Ronald Naramore, Special Circuit Judge). The court therein stated:
 The Court can find no authority for the proposition that matters giving rise to a special election cannot be combined on the same ballot with those matters which Ark. Code Ann. Sec. 7-5-102 sets for the general election. Also, the history of and amendments to Ark. Code Ann. Sec. 14-38-113 do not demonstrate any intent of the legislature in this direction.
The court has clearly answered your question by stating that no reason exists why the issue of the change in form of municipal government cannot be placed on the general election ballot. If this decision is unsatisfactory to the Board of Election Commissioners, it should work to instigate an appeal of the decision. It is the policy of this office, consonant with the separation of powers doctrine, never to second guess the judgment of a court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.